**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| MICHELLE M. PIERSON,<br>Appellant, | DOCKET NUMBER<br>CH-0752-22-0321-I-1 |
| v. | |
| DEPARTMENT OF VETERANS<br>AFFAIRS,<br>Agency. | DATE: August 28, 2024 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Michelle M. Pierson</u>, Saint Clair, Michigan, pro se.

<u>Lauren Russo Ciucci</u>, Esquire, Detroit, Michigan, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

\*Member Kerner did not participate in the adjudication of this appeal.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency's chapter 75 demotion action. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

The appellant's arguments regarding a witness are unavailing.

The appellant asserts that the administrative judge erroneously disallowed the testimony of one of her proffered witnesses, C.M. Petition for Review (PFR) File, Tab 1 at 3, 9; Initial Appeal File (IAF), Tab 27 at 5. To this end, she avers that she learned for the first time during the hearing that C.M. had determined her "rate of pay." PFR File, Tab 1 at 3, 9. We interpret the appellant's assertions as an argument that C.M.'s testimony would have supported her claim that, in demoting her from a GS-6 Police Officer to a GS-5 Security Assistant, the agency should have placed her at a higher step level.[2] IAF, Tab 8 at 18, Tab 37, Initial Decision (ID) at 19.

The administrative judge has broad discretion to regulate the course of the hearing and to exclude evidence and witnesses that have not been shown to be relevant, material, and nonrepetitious. *Thomas v. U.S. Postal Service*,

---

[2] To the extent the appellant also contends that the agency failed to provide her with pay-related documents prior to the hearing, her contention is unavailing because she did not file a motion to compel before the administrative judge. PFR File, Tab 1 at 9; *see Szejner v. Office of Personnel Management*, 99 M.S.P.R. 275, ¶ 5 (2005) (stating that, if an appellant fails to file a motion to compel before the administrative judge, the appellant is precluded from raising discovery issues for the first time on review), *aff'd*, 167 F. App'x 217 (Fed. Cir. 2006); 5 C.F.R. § 1201.73(c).

116 M.S.P.R. 453, ¶ 4 (2011); 5 C.F.R. § 1201.41(b)(8), (10). To obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the appellant must show on review that relevant evidence, which could have affected the outcome, was disallowed. *Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010).

Here, the record reflects that the administrative judge did not approve C.M. as a witness because he found C.M.'s proffered testimony irrelevant and duplicative. IAF, Tab 27 at 5. The appellant did not object to this ruling. *See Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (explaining that the appellant's failure to timely object to rulings on witnesses precludes her from doing so on petition for review). In any event, the appellant does not explain how C.M.'s testimony could have affected the outcome of her appeal; indeed, she does not explain how his testimony could have demonstrated error with the administrative judge's conclusion that she failed to show that the agency was required to place her at a higher step upon her demotion.[3] ID at 19-20. Thus, a different outcome is not warranted.

The appellant failed to show that the agency committed harmful procedural error.

The appellant challenges the administrative judge's conclusion that she failed to prove that the agency committed harmful procedural error in demoting her for failing to successfully complete a training course for agency police officers. PFR File, Tab 1; IAF, Tab 8 at 18, 20-23, 29-33. To this end, she asserts that the agency (1) wrongfully denied her a meaningful opportunity to improve and (2) should have provided her with an alternative firearm hand grip. PFR File, Tab 1 at 5, 21-22, 27-28. We find these assertions unpersuasive.

Pursuant to 5 U.S.C. § 7701(c)(2)(A), the Board will not sustain an agency's decision if the appellant "shows harmful error in the application of the agency's procedures in arriving at such decision." A procedural error is harmful

---

[3] The appellant's remaining arguments regarding her step level and rate of pay do not provide a basis to disturb the initial decision. PFR File, Tab 1 at 3-4, 9-18; ID at 19-20.

when the record shows that an error by the agency was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error. *Pumphrey v. Department of Defense*, 122 M.S.P.R. 186, ¶ 10 (2015); 5 C.F.R. § 1201.4(r).

The appellant contends that the agency failed to provide her with an opportunity to improve, thereby violating her due process rights. PFR File, Tab 1 at 5, 21-22. To this end, she avers that the agency's charge related to a performance deficiency, i.e., her failure to achieve a passing score on the firearms qualification portion of the agency's police training course, and not misconduct; thus, the agency was required to place her on a performance improvement plan (PIP) prior to demoting her. *Id.* We disagree. In essence, the appellant conflates an action taken under chapter 75, such as her demotion, with a performance-based action taken under chapter 43. IAF, Tab 8 at 18, 20; *compare Hall v. Department of Defense*, 117 M.S.P.R. 687, ¶ 6 (2012) (setting forth the elements of a chapter 75 adverse action appeal, including proof of the agency's charges, nexus, and reasonableness of the penalty), *with Lee v. Department of Veterans Affairs*, 2022 MSPB 11, ¶ 15 (setting forth the elements of a chapter 43 action, including warning an employee of the inadequacies in her performance during an appraisal period and giving her an adequate opportunity to demonstrate acceptable performance). Thus, the appellant has not identified any agency error.

The appellant more specifically argues that the agency committed harmful error because "Section 10" of the applicable collective bargaining agreement (CBA) required the agency to place her on a PIP prior to her demotion. PFR File, Tab 1 at 22; IAF, Tab 23 at 289. We find this argument unavailing. The CBA provision that the appellant references pertains to an employee who fails to meet the standards of a critical element of her position. IAF, Tab 23 at 289. Here, the agency did not allege that the appellant failed to meet the standards of a critical element of her position; rather, it charged her with failure to complete a requisite training course, which the administrative judge treated as akin to "failure to

maintain a condition of employment." IAF, Tab 8 at 29, Tab 10 at 2; ID at 6 & n.3. Thus, a different outcome is not warranted.

The appellant contends that the agency committed harmful error because it failed to provide her with an alternative firearm hand grip, i.e., an E2 grip, which she asserts is available for the service pistol used by the agency's police force. PFR File, Tab 1 at 27. She asserts that this hand grip likely would have improved her shooting scores and enabled her to complete the training course. *Id.* at 28. This assertion, however, does not provide a basis to disturb the administrative judge's conclusion that the appellant did not adduce any evidence of an agency rule or policy that would have required the agency to provide her with an alternative hand grip. ID at 16. Moreover, the appellant's assertion that an alternative grip would have improved her shooting scores is speculative; indeed, as set forth in the initial decision, the appellant acknowledged that she has never fired a round with the E2 grip. *Id.*; *see Pumphrey*, 122 M.S.P.R. 186, ¶ 11 (finding that speculation was insufficient for the appellant to meet his burden of establishing harm). Accordingly, we find the appellant's claims of harmful procedural error unavailing.

The appellant failed to prove her claim of sex discrimination.

The appellant reasserts her claim that the agency engaged in disparate treatment sex discrimination. PFR File, Tab 1 at 5, 19-20, 24-27. To this end, she argues the following: (1) she identified a valid male comparator who was treated more favorably than she was; (2) the agency provided her male counterparts with more training opportunities; and (3) the agency videotaped her firearms qualification attempt. *Id.* We find these assertions unpersuasive.

The appellant challenges the administrative judge's conclusion that she failed to identify a valid male comparator. PFR File, Tab 1 at 19-20, 24. To this end, she reasserts that agency employee M.B., who similarly failed his firearms qualification but was thereafter provided additional training and ultimately qualified, was a valid comparator. *Id.*; ID at 11-12. As set forth in the initial

decision, to be considered a proper comparator for purposes of a claim of sex-based discrimination, the identified comparator must have reported to the same supervisor, been subjected to the same standards governing discipline, and engaged in conduct similar to the appellant's without differentiating or mitigating circumstances. ID at 11 (citing *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶ 27); *see Ly v. Department of the Treasury*, 118 M.S.P.R. 481, ¶ 10 (2012) (explaining that, for an employee to be deemed similarly situated for purposes of an affirmative defense of discrimination based on disparate treatment, all relevant aspects of the appellant's employment situation must be "nearly identical" to that of the comparator employee). Applying this standard, the administrative judge concluded that M.B. was not a valid comparator because he had a different supervisor, his failed qualification attempt occurred 8 years prior to the appellant's attempt, and, unlike the appellant, M.B. had not received any firearms training prior to his qualification attempts. ID at 11-12. On review, the appellant asserts that although she and M.B. may not have had the same immediate supervisor, they shared a higher-level supervisor. PFR File, Tab 1 at 4, 20. We find this assertion unpersuasive. Indeed, even if the appellant and M.B. had shared an immediate supervisor, a different outcome would not be warranted because of other differentiating circumstances, e.g., the pre-qualification training provided to the appellant. ID at 12. Accordingly, the appellant's assertions do not provide a basis to disturb the administrative judge's conclusion that she failed to identify a valid comparator for purposes of her claim of sex discrimination.

The appellant asserts that the agency failed to provide her with the same training opportunities that her male counterparts received. PFR File, Tab 1 at 5, 25. To the extent she argues that agency decisions regarding training, to include the training provided to M.B., are indicative of a discriminatory motive or otherwise support her claim of sex discrimination, her vague assertion does not provide a basis to disturb the initial decision. *See Tines v. Department of the Air*

*Force*, 56 M.S.P.R. 90, 92 (1992) (explaining that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge and concluding that the appellant's petition contained neither evidence nor argument demonstrating error by the administrative judge). To the extent she instead challenges the administrative judge's conclusion that she failed to prove that the agency committed harmful error as related to training, ID at 16-17, we find her challenge, which amounts to mere disagreement with the administrative judge's conclusions, unavailing, *see Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

Finally, the appellant argues that the agency videotaped her firearms qualification attempt but did not videotape the qualification attempts of any male officers. PFR File, Tab 1 at 5-6. The appellant, however, does not provide a basis to disturb the administrative judge's demeanor-based conclusion that the agency employee who elected to videotape her qualification attempt did so to ensure that her attempt met applicable standards, i.e., that the videotaping was not indicative of a discriminatory motive on part of any agency official. ID at 13; *see Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367, 1372-73 (Fed. Cir. 2016) (finding that the Board must defer to an administrative judge's demeanor-based credibility determinations, "[e]ven if demeanor is not explicitly discussed"). Thus, a different outcome is not warranted.[4]

Accordingly, we affirm the initial decision.

---

[4] We have considered all of the appellant's remaining arguments, including her assertions that the agency videotaped her qualification attempt without her consent and that agency employees scored her attempt in front of a male coworker; however, we find that none compel a different outcome. PFR File, Tab 1 at 6.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1)** **Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:          *Gina K. Grippando*
                                   _____
                                   Gina K. Grippando
                                   Clerk of the Board

Washington, D.C.